UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:
Carlos Vallejo,
Yolanda Lozano
    Debtor.
_____/

CASE NO. 15-10953

Chapter 13

## MOTION TO VALUE AND DETERMINE SECURED STATUS ON LIEN ON REAL PROPERTY

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor(s) seeks to value real property securing the claim of **SILVERLAKES HOMEOWNERS ASSOCIATION, INC.,** (The "Lender"), . The total for the claim of lien and monies accrued there under is $9,842.47.

2. The real property is located at 18111 SW 27 STREET, Miramar, FL 33029 and is more particularly described as follows:

   *SILVER LAKES PHASE III PARCEL W 157-13 B LOT 19*

3. At the time of the filing of this case, the value of the real property is $323,730.00 as determined by the Miami-Dade County Property Appraiser, see copy attached as Exhibit "A".

4. Select Portfolio Servicing Inc, the first mortgage holder, holds a lien on the real property, senior to priority to Lender, securing a claim in the aggregate amount of $402538.05.

5. (Select only one):

   __X__    Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claim secured by

liens senior to that of Lender, the value of Lender's Secured interest in the real property is $0.

_____ Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $\_\_\_\_\_ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $\_\_\_\_ and the value of the Lender's unsecured, deficiency claim is $_____.

6. The undersigned reviewed the docket and claims register and states (select only one):

    _X_ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to the Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

OR

    \_\_\_\_\_ Lender has filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property is void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the Trustee at or before the hearing scheduled on this Motion, the value of the

collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

### CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am a member of the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing has been sent this 26 day of January via ecf and/or regular mail to: Robin Weiner, Trustee, P.O. Box 559007, Fort Lauderdale, FL 33355-9007; via certified and regular mail to: Silverlakes Community Association, Inc c/o Stevens & Goldwyn, PA, 2 South University Drive Suite # 329 Plantation, FL 33324, TREASURE, MINNAUGH, VICKI C/O PINES PROPERTY MANAGEMENT 6941 SW 196 AVE, SUITE 27 PEMBROKE PINES, FL 33332, PRESIDENT GOLDMAN, STEVEN C/O PINES PROPERTY MANAGEMENT 6941 SW 196 AVE, SUITE 27 PEMBROKE PINES, FL 33332

Respectfully Submitted:

**SIXTO AND ASSOCIATES, P.A.**
900 w 49TH Street
Suite 410
Hialeah, FL 33012
Tel. 305-558-0460
Fax. 305-558-8251

By: __/s/ Alejandro Sixto__
[X] Alejandro Sixto, Esq., FBN: 0653756




Exhibit "A"

| Site Address | 18111 SW 27 STREET, MIRAMAR | ID # | 5140 30 07 0190 |
|---|---|---|---|
| Property Owner | LOZANO,YOLANDA & VALLEJO,CARLOS | Millage | 2713 |
| Mailing Address | 18111 SW 27 ST MIRAMAR FL 33029-5187 | Use | 01 |

| Abbreviated Legal Description | SILVER LAKES PHASE III PARCEL W 157-13 B LOT 19 |
|---|---|

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

Property Assessment Values
Click here to see 2014 Exemptions and Taxable Values as reflected on the Nov. 1, 2014 tax bill.

| Year | Land | Building | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2015 | $51,700 | $272,030 | $323,730 | $312,810 | |
| 2014 | $51,700 | $272,030 | $323,730 | $284,380 | $6,666.14 |
| 2013 | $51,710 | $247,960 | $299,670 | $258,530 | $6,073.29 |

**IMPORTANT:** The 2015 values currently shown are "roll over" values from 2014. These numbers will change frequently online as we make various adjustments until they are finalized on June 1. Please check back here AFTER June 1, 2015, to see the actual proposed 2015 assessments and portability values.

2015 Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $323,730 | $323,730 | $323,730 | $323,730 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH | $312,810 | $323,730 | $312,810 | $312,810 |
| Homestead | 0 | 0 | 0 | 0 |
| Add. Homestead | 0 | 0 | 0 | 0 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $312,810 | $323,730 | $312,810 | $312,810 |

| Sales History ||||| Land Calculations |||
|---|---|---|---|---|---|---|---|
| Date | Type | Price | Book/Page or CIN | | Price | Factor | Type |
| 6/26/2006 | WD | $505,000 | 42367 / 204 | | $8.00 | 6,462 | SF |
| 5/20/2001 | WD | $223,800 | 31699 / 1814 | | | | |
| 4/8/1996 | SWD | $195,000 | 24766 / 85 | | | | |
| 2/1/1995 | SW* | $4,816,300 | 23142 / 336 | | | | |
| | | | | | Adj. Bldg. S.F. (See Sketch) || 2946 |
| * Denotes Multi-Parcel Sale (See Deed) |||| | Units || 1 |

| Special Assessments |||||||||
|---|---|---|---|---|---|---|---|---|
| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |